UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

  -v-                                                            No. 17-CV-01879-LTS

TODD DAVID ALPERT,

       Defendant.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

The Securities and Exchange Commission ("Plaintiff") brings this action against Defendant Todd David Alpert ("Defendant"), alleging that Defendant violated Section 10(b) of the Securities Exchange Act of 1934 ("the Exchange Act") and Rule 10b-5 promulgated thereunder by trading in securities on the basis of misappropriated material non-public information. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against him upon which relief may be granted and, pursuant to Federal Rule of Civil Procedure 9(b), for failure to state with particularity the circumstances alleged to constitute fraud.

The Court has reviewed thoroughly all of the parties' submissions and arguments. For the following reasons, the motion to dismiss the complaint is denied.

BACKGROUND

For the purposes of this motion, the Court takes the following facts drawn from the Complaint ("Compl.") as true.

In January 2011, through his employment with a security company, Defendant began work as one of several "dispatchers" for a member of the Board of Directors of H.J. Heinz Company ("Heinz"). (Compl. ¶ 17.) At the start of his employment with the security company, Defendant signed an employment contract including a confidentiality agreement, which provided that Defendant "may acquire access to confidential and private information about the personal or business affairs of the Board Member and his family" and prohibited Defendant from "disclosing such information to a third party or from using 'any of such information for any purpose other than rendering the Services [he was] engaged to provide' to the Board Member and his family." (Id. ¶ 18.) Defendant's employment duties as a "dispatcher" included "answering phone calls, receiving requests from the Board Member and his family . . . [and] reviewing email messages sent to a designated email account" for security dispatchers. (Id. ¶ 21.) He performed these tasks in a security booth located on the Board Member's property. (Id.)

In January and February 2013, Defendant gained access to information about a potential acquisition of Heinz from emails sent by the Board Member to the security email account for printing. (Id. ¶¶ 22-24.) These emails included attachments such as detailed board meeting agendas and status updates on the proposed transaction from the Heinz CEO. (Id. ¶¶ 25-35.) At least one of these emails included as an attachment a letter labeled "CONFIDENTIAL" on the header of the document. (Id.)

From January 25, 2013, to February 13, 2013, Defendant purchased a total of 1,000 shares in Heinz stock and 30 Heinz call options while he had access to the security email

account.  (Id.)  He sold all of these securities at a $43,873.32 profit on February 14, 2013, the day the acquisition was announced publicly.  (Id. ¶¶ 36-38.)  More than two years later, Defendant admitted his trading activity to the Heinz Board Member, who "considered this to be a breach of his trust" and a violation of the Defendant's employment contract.  (Id. ¶ 40.)  Defendant was fired shortly thereafter.  (Id. ¶ 5.)

Plaintiff asserts that Defendant violated Section 10(b) of the Exchange Act and Rule 10b-5 by trading for his own benefit upon possession of material non-public information misappropriated from the Board Member, in breach of a fiduciary duty or similar duty of trust and confidence to the Board Member.  (Id. ¶¶ 42-47.)

## DISCUSSION

Defendant moves, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), to dismiss Plaintiff's Complaint in its entirety, arguing that the Complaint fails to state a claim of fraud against him or, alternatively, fails to state with particularity the circumstances constituting fraud.  (See Docket Entry No. 18.)

In determining whether a plaintiff has set forth the "short and plain statement of the claim showing that [he is] entitled to relief" required by the Federal Rules (see Fed. R. Civ. P. 8(a)(2)), the Court looks to whether the allegations in the complaint establish the "facial plausibility" of the plaintiff's claims.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Such a showing "must be enough to raise a right to relief above the speculative level," requiring "more than labels and

conclusions, [or] a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (internal quotation marks omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court assumes the truth of the facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

Rule 9(b) of the Federal Rules of Civil Procedure governs pleading in fraud actions generally, providing that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The particularity standard requires the plaintiff to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." ATSI Comm., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 99 (2d Cir. 2007) (citing Novak v. Kasaks, 216 F.3d 300, 306 (2d Cir. 2000)). "In cases involving insider trading, however, where the specific facts are 'peculiarly within the knowledge of defendants,' the application of Rule 9(b) is 'relaxed' to allow circumstantial evidence to plead the specific content and circumstances of insider tips." SEC v. Alexander, 160 F. Supp. 2d 642, 649 (S.D.N.Y. 2001) (quoting Energy Factors, Inc. v. Nuevo Energy Co., 1991 U.S. Dist. LEXIS 16983, *12, No. 91 Civ. 4273, 1991 WL 259425, at *4 (S.D.N.Y. 1991)). Such claims, however, "must be accompanied by factual allegations that provide substantiation and make them plausible; mere 'boilerplate and conclusory allegations will not suffice.'" Id. at 649-50 (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997)).

Defendant argues that Plaintiff's Complaint fails to plead a fraud cause of action and, alternatively, fails to plead fraud with specificity. Defendant's principal argument is that the confidentiality agreement pleaded in the Complaint is insufficient as a matter of law to

establish the existence of the relationship of trust and confidence between the Defendant and the Board Member that is required to support a viable insider trading case based on the misappropriation theory.  In the absence of such a relationship, Defendant contends, any violation of the confidentiality agreement is a mere breach of contract that cannot support a fraud claim.

Under Section 10(b) of the Exchange Act, it is unlawful for any individual "[t]o use or employ, in connection with the purchase or sale of any security . . . [,] any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors."  15 U.S.C.S. § 78j(b) (LexisNexis 2012).  Rule 10b-5, promulgated under Section 10(b), provides that

> [i]t shall be unlawful for any person . . . (a) [t]o employ any device, scheme, or artifice to defraud . . . or (c) [t]o engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b–5.  Under the misappropriation theory, a defendant "commits fraud 'in connection with' a securities transaction, and thereby violates [Section] 10(b) and Rule 10b–5, when he misappropriates confidential information for securities trading purposes, in breach of a duty owed to the source of the information."  United States v. O'Hagan, 521 U.S. 642, 652 (1997).  The relevant breach of duty is to the person or entity that entrusted the information to the defendant.  See id. at 652-53.  The plaintiff must also plead facts sufficient to support an inference of scienter.  SEC v. Pentagon Capital Mgmt. PLC, 725 F.3d 279, 285 (2d Cir. 2013).

To survive a motion to dismiss and to carry its burden of pleading that the defendant had a duty of confidentiality, "all that the SEC need do [ ] is state with particularity a plausible claim for the existence of such a duty." SEC v. Lyon, 529 F. Supp. 2d 444, 453 (S.D.N.Y. 2008). Such a duty arises where the parties are in a relationship of trust and confidence. "[A] fiduciary duty cannot be imposed unilaterally by entrusting a person with confidential information" without his or her express acceptance or, alternatively, implied acceptance based on the "context of the disclosure." United States v. Chestman, 947 F.2d 551, 567, 571 (2d Cir. 1991) (citing Walton v. Morgan Stanley & Co., 623 F.2d 796, 799 (2d Cir. 1980)). Relationships that give rise to duties of trust and confidence are "marked by the fact that the party in whom confidence is reposed has entered into a relationship in which he or she acts to serve the interests of the party entrusting him or her with such information." United States v. Falcone, 257 F.3d 226, 234-35 (2d Cir. 2001) (citing Chestman, 947 F.2d at 568-69). "[A] fiduciary duty, or its functional equivalent, exists only where there is explicit acceptance of a duty of confidentiality or where such acceptance may be implied from a similar relationship of trust and confidence between the parties." Id.

Here, Plaintiff has pleaded such an acceptance of a duty of confidentiality to the Board Member. Defendant signed a contract expressly prohibiting him from using the Board Member's confidential information for any purpose other than accomplishing tasks for the Board Member. (See Compl. ¶ 18.) Although he was employed by the security company, the agreement pertained specifically to his work at the Board Member's properties and, according to the Complaint, it expressly prohibited disclosure of confidential and private information about the business affairs of the Board Member or his family and barred Defendant "from using 'any of such information for any purpose other than rendering the Services [he was] engaged to provide'

to the Board Member and his family." (Id.)  Defendant's employment duties were tailored to the Board Member's needs.  He only received access to the material non-public information in question to execute administrative tasks for the Board Member's benefit.  (See id. ¶¶ 21-24.)  At least one document containing sensitive information that Defendant allegedly used to inform his trading decisions was labeled "CONFIDENTIAL," which tends to show that Defendant knew that this information was not provided to him for his personal trading benefit.  (See id. ¶ 25.)  Finally, the Board Member found Defendant's trading to be a violation of his trust and promptly fired him upon discovering these actions.  (See id. at ¶¶ 5, 40.)  These allegations are sufficient to frame both an express undertaking not to use the confidential information for his own benefit (establishing the relationship of trust and confidence) and Defendant's knowledge that the information he obtained and used was covered by his contractual duty to the Board Member.  See Falcone, 257 F.3d at 234-35.  Defendant's suggestion that a contractually-established relationship of trust and confidence must be further augmented by direct personal interaction finds no basis in the pertinent case law.  Thus, the Court finds that the Plaintiff's Complaint pleads sufficient facts to support an inference that Defendant owed at least a duty of trust and confidence to the Board Member in the context of his employment as a dispatcher.

Defendant's argument that breach of such a contract-based duty is insufficient to support liability under Section 10(b) and Rule 10b-5 absent allegations that Defendant never intended to fulfill his obligations under the contract finds no basis in relevant law.  The decision on which Defendant relies, U.S. ex rel. O'Donnell v. Countrywide Home Loans, Inc., 822 F.3d 650 (2d Cir. 2016), concerns the mail and wire fraud laws and has nothing to do with a misappropriation claim under the securities laws.  It is sufficient to note in this connection that Section 10(b) and Rule 10b-5 liability arises upon use of non-public information in violation of

the duty of confidentiality to the source of that information.  O'Hagan, 521 U.S. at 652.  Countrywide, by contrast, concerned breaches of representations concerning the future quality of certain investments, and is inapposite.

Plaintiff's Complaint falls squarely within the parameters of established law regarding fraud under the misappropriation theory.  The Supreme Court stated in O'Hagan that "a fiduciary's undisclosed, self-serving use of a principal's information to purchase or sell securities, in breach of a duty of loyalty and confidentiality, defrauds the principal of the exclusive use of that information." 521 U.S. at 652.  Breach of a "similar relationship of trust and confidence" likewise supports liability.  Chestman, 947 F.2d at 568.  Here, Defendant allegedly traded on confidential information for his own benefit, and did not disclose the trading activity to the Board Member for more than two years.  (See Compl. ¶¶ 27-28, 33-34, 37-40.)  His alleged undisclosed, self-serving trading on the basis of misappropriated information constitutes the relevant fraud, perpetuated against the Board Member, as it "defraud[ed]" the Board Member of the exclusive use of that information.  See O'Hagan, 521 U.S. at 652; see also SEC v. Dorozhko, 574 F.3d 42, 50 (2d Cir. 2009) ("silence is fraudulent…if there is a duty to disclose").

The Complaint alleges facts identifying the dates and times of Defendant's alleged transactions and the relevant period of nondisclosure, as well as the specific terms within the confidentiality agreement that plausibly formed a duty to disclose.  Whether or not Plaintiff will ultimately be able to prove these allegations, they are sufficient to establish the "facial plausibility" of Plaintiff's claims.  See Iqbal, 556 U.S. at 678.  For substantially the same reasons, Plaintiff's allegations are sufficient to meet the particularity requirements of Federal Rule of Civil Procedure 9(b).

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint is denied. This Memorandum Opinion and Order resolves Docket Entry Number 18.

This case has been referred to Magistrate Judge Sarah Netburn for general pretrial management concurrently with the issuance of this Memorandum Opinion and Order. The parties are directed to contact Judge Netburn's chambers promptly to arrange for an initial pretrial conference.

SO ORDERED.

Dated: New York, New York
March 2, 2018

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge